IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALAN CROSS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRENDAN KELLY, in his official capacity as Director of the Illinois State Police,<br><br>Defendant. | No. 3:23-cv-3165 |

**CLASS ACTION COMPLAINT**

Plaintiff Alan Cross, through counsel, complains against Defendant Brendan Kelly, Director of the Illinois State Police ("ISP"), as follows:

**Nature of the Case**

1. This case arises under 42 U.S.C. §1983 and alleges violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

2. Plaintiff seeks an injunction prohibiting Defendant from enforcing 730 ILCS 150-2 (E-10), which provides that anyone "required to register in another State due to a conviction, adjudication or other action of any court triggering an obligation to register as a sex offender, sexual predator, or substantially similar status under the laws of that State" is automatically classified as a "sexual predator" under Illinois law. This law categorizes Plaintiff as a "sexual predator" based solely on the state in which he was convicted of an offense.

3. Plaintiff was convicted of a misdemeanor offense in Missouri. Had Plaintiff been convicted of an identical offense in Illinois, he would not be characterized as a "sexual predator."

4. This statute violates Plaintiff's rights under the Fourteenth Amendment of the United States Constitution. Plaintiff seeks injunctive and declaratory relief on behalf of himself and a proposed class of similarly situated individuals.

## Jurisdiction and Venue

5. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that Defendant resides in this district and a substantial part of the events giving rise to Plaintiff's claims arose in this district.

## The Parties

7. Defendant Brendan Kelly is sued in his official capacity as director of the Illinois State Police. In his capacity as the director of the ISP, he has final authority to maintain and administer the Illinois Sex Offender Registry and to determine whether Plaintiff Cross is classified as a "sexual predator." 730 ILCS 152/115 (a) and (b).

8. Plaintiff Cross is a resident of Danville, Illinois.

## Relevant Facts

9. In 2019, Plaintiff Alan Cross was residing in St. Louis, Missouri, and was employed as a massage therapist. Plaintiff was arrested for having non-consensual sexual contact with an adult massage therapy client. Plaintiff's conduct did not involve sexual penetration.

10. In August 2021, Plaintiff pled guilty to the Missouri offense of Criminal Sexual Abuse, Second Degree (Missouri Laws 566.101). The offense is a Class A misdemeanor. Plaintiff was sentenced to time served (364 days) in the county jail while awaiting trial. He is not currently on probation, parole or under any other form of supervision.

11. After his release from jail, Plaintiff moved to Danville, Illinois, to be closer to family.

12. Under Missouri law, an individual convicted of Criminal Sexual Abuse, Second Degree is required to register a sex offender for 15 years with the possibility of removal from the registry after 10 years if the individual maintains a "clean record."[1]

13. The elements of the Missouri offense of Criminal Sexual Abuse, Second Degree (Missouri Laws 566.101), are analogous to the elements of the Illinois offense of Criminal Sexual Abuse (720 ILCS 5/11-1.50(a)):

---

[1] *See* Missouri Laws §589.414 (defining a person convicted of violating §566.101 as a "Tier I sexual offender"); Missouri Laws §589.400 (requiring "Tier I" offenders to register for 15 years, and stating that the registration period of "Tier I" offenders "shall be reduced" to ten years if they are not convicted of any new felony offense; are not convicted of any new sex offense; successfully complete any period of supervised release, probation or parole; and successfully complete a sex offender treatment program.")

- Under Missouri law, "a person commits the offense of sexual abuse in the second degree if he or she purposely subjects another person to sexual contact without that person's consent." Mo. Laws §566.101(1);

- Under Illinois law, a person commits criminal sexual abuse if that person "commits an act of sexual conduct by the use of force or threat of force"; or "commits an act of sexual conduct and knows that the victim is unable to understand the nature of the act or is unable to give knowing consent." 720 ILCS 5/11-1.50 (a).

14. Under Illinois law, a person who has been convicted of Criminal Sexual Abuse (720 ILCS 5/11-1.50(a)) is required to register as a sex offender for a period of ten years and is not classified as a "sexual predator."[2]

15. However, solely because Plaintiff committed his offense in Missouri and then moved to Illinois, he is automatically classified as a "sexual predator." 730 ILCS 150-2 (E-10) (anyone "required to register in another State due to a conviction, … triggering an obligation to register as a sex offender, sexual predator, or substantially similar status under the laws of that State" is designated as a "sexual predator" under Illinois law).

16. Due to the classification as a "sexual predator," Plaintiff will have to register for the rest of his life. 730 ILCS 150/7 (requiring individuals designated as "sexual predators" to register for life). Plaintiff will also be subject to paying an

---

[2] *See* 730 ILCS 150/2 (A) (defining an individual convicted of criminal sexual abuse as a "sex offender."); 730 ILCS 150/2 (E) (setting forth the offenses that trigger the "sexual predator" designation); 730 ILCS 150/7 (an individual classified as a "sex offender" is required to register "for a period of 10 years after conviction or adjudication if not confined to a penal institution, hospital or any other institution or facility, and if confined, for a period of 10 years after parole, discharge or release from any such facility"; while an individual designated as a "sexual predator shall register for the period of his or her natural life").

4

annual $100 fee to renew his registration every year for the rest of his life. 730 ILCS 150/3 (c)(6).

17. In addition to the requirement of life registration and the annual fee, the "sexual predator" designation carries with it restraints, disabilities and restrictions that are not applicable to other registrants who are not subject to the "predator" designation.

18. In particular, 720 ILCS 5/11-9.4-1 makes it illegal for a person designated as a "sexual predator" to "knowingly be present in any public park building or on real property comprising any public park" or to "knowingly loiter on a public way within 500 feet of a public park building or real property comprising any public park." §9.4-1(b) and (c). Violation of either of this prohibitions is a felony offense.

19. Plaintiff also suffers a stigma as a result of being classified as a "sexual predator" that is different from the stigma normally associated with a conviction for the offense he committed. The "sexual predator" designation implies that Plaintiff has been convicted of multiple sexual offenses, criminal sexual assault or a sex offense against a minor victim. Illinois law only applies the "predator" label to people who have offended against minors, people convicted of multiple registrable offenses, and people who have been convicted of criminal sexual assault, unless the offender committed an offense out of state (as Plaintiff did). 730 ILCS 150/2 (E); (E-10).

20. Had Plaintiff committed an offense identical to the offense he committed in Missouri in Illinois, he would not be classified as a "sexual predator," would not be

subject to life registration, and would not be subject to the restrictions on presence in parks that apply to persons labeled as "sexual predators."

## Class Allegations

21. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for purposes of equitable relief on behalf of a class defined as follows.

- All Illinois residents who are classified as "sexual predators" pursuant to 730 ILCS 150/2 (E-10) solely because they were convicted of an offense in another state who would be classified as "sex offenders" had they committed their offenses in Illinois.

22. The Class seeks a declaration that the 730 ILCS 150/2 (E-10) violates the Fourteenth Amendment as applied to them and an injunction prohibiting continued enforcement of the Statute.

23. The proposed class is numerous. It includes not only persons currently residing in Illinois who have been classified as "sexual predators" because they have an out of state conviction, but also as yet unknown future members of the proposed class—*i.e.*, persons who in the future will be classified as "sexual predators" if they move to Illinois. *See Orr v. Shicker*, 953 F.3d 490, 497–98 (7th Cir. 2020) (holding that where, as here, membership in a proposed class is fluid, "[a] class can be certified without determination of its size, so long as it's reasonable to believe it large enough to make joinder impracticable and thus justify a class action suit.") (internal quotation marks omitted).

24. There are questions of law and fact common to all class members, including but not limited to the following:

6

- What are the government rationales for 730 ILCS 150/2 (E-10);

- Whether there is any legitimate interest served by the Statute;

- What effect being classified as a "sexual predator" under 730 ILCS 150/2 (E-10) has on class members; and

- Whether any government interest is served by subjecting individuals with the same offense history to different registration periods and restrictions based solely on where they lived at the time of their offense.

25. All individuals falling within the class definition are subject to the same Statute. Given the commonality of the questions pertinent to all class members, a single injunction would provide relief to each member of the class.

26. Defendant has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

27. The named Plaintiff will fairly and adequately represent the interests of the class; and the named Plaintiff's claim is typical of the claims of all members of the proposed class.

28. Plaintiff's counsel has extensive experience and has devoted substantial professional and financial resources to representing individuals in cases involving the same type of claim raised here, including the case *Winter v. Schmitz*, 18 cv 3667 (N.D. Ill.), which raised a closely related challenge to 730 ILCS 150/2 (E-10). Plaintiff's counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. §1983 – EQUAL PROTECTION

29. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

30. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which the Supreme Court has explained means that "all persons similarly situated should be treated alike" unless the difference in treatment is "rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quotation omitted).

31. 730 ILCS 150-2 (E-10) classifies Plaintiff as a "sexual predator" solely because he committed his offense outside of Illinois. If he had committed an identical offense in Illinois, he would not be labeled as a "sexual predator."

32. The difference in treatment between individuals who committed their offenses in Illinois and those who committed their offenses elsewhere is not rationally related to a legitimate state interest and thus fails rational basis review.

## COUNT II
## 42 U.S.C. §1983 – PROCEDURAL DUE PROCESS

33. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation contained above.

34. A reputational injury—such as a stigmatizing designation or status—coupled with the impairment of some additional interest is a deprivation of liberty

that comes within the protections of the Due Process Clause of the Fourteenth Amendment.

35. Classifying Plaintiff Cross and the members of the proposed class as "sexual predators" is defamatory because it implies they have been convicted of sexual offenses against minors, multiple sexual offenses, or criminal sexual assault. *See* 730 ILCS 150/2 (E) and (E-5). Plaintiff and the members of the proposed class have not been convicted of crimes that meet the definition of a "sexual predator" under Illinois law.

36. In the absence of being classified as "sexual predators," Plaintiff and the members of the proposed class would be required to register for 10 years rather than for the rest of their lives; would not be subject to a $100 annual registration fee for the rest of their lives; and would be able to lawfully enter parks.

37. The restrictions imposed on persons labeled as "sexual predators" under Illinois law, including the lifetime registration requirement, annual $100 registration fee, and prohibition on being present in any park, constitute an impairment of Plaintiff's interests and an alteration of his legal status.

38. By infringing on Plaintiff's liberty interests without providing any opportunity to challenge that designation in an adversarial proceeding, 730 ILCS 150-2 (E-10) violates Plaintiff's rights to procedural due process under the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

    (a)    issue a preliminary and then permanent injunction prohibiting enforcement of 730 ILCS 150-2 (E-10);

(b)   issue a declaratory judgment that 730 ILCS 150-2 (E-10) is unconstitutional both on its face and as applied to Plaintiff and those similarly situated;

(c)   enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d)   grant Plaintiff any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net